# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| VERNON WAIT, Register No. 151620, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-4012-CV-C-SOW |
| | ) | |
| DR. SETHI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. Thereafter, it was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff filed suit in January 2008 alleging defendants have failed to properly medicate him for his acute anxiety and bipolar disorders. In November 2008, defendant Sethi filed a motion to dismiss for plaintiff's failure to exhaust his administrative remedies, and in December 2008, defendant Missouri Department of Corrections filed a motion to dismiss because it is not a person for purposes of section 1983. Plaintiff has not responded in opposition to the motions, and thus, does not appear to oppose them.

The court notes that although the Missouri Department of Corrections has forwarded payments toward the filing fee, plaintiff Wait has not responded to motions or court orders, or otherwise filed any document in this case since September 8, 2008.

Defendant Sethi seeks dismissal for plaintiff's failure to exhaust his administrative remedies. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior

to a prisoner filing suit.  See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit).  When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief.  Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam).  Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly.  Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies).  A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.  Id.

Here, the documents submitted by defendant Sethi show plaintiff filed a grievance in February 2005, addressing two issues.  He sought redress for the discontinuation of Benzodiazepines as a result of a memorandum by Mariann Atwell, Psy.D., and for the unprofessional actions of a nurse.  The documents do not show plaintiff exhausted the grievance process for any issues specifically related to the care he received from Dr. Sethi or on issues that would put defendant on notice of a problem with the doctor.  In the absence of a response from plaintiff showing he had exhausted his administrative remedies prior to filing suit, defendant Sethi's motion should be granted.

The Missouri Department of Corrections also seeks dismissal because it is not a person for purposes of section 1983.  Damage claims against the Department were previously dismissed, and plaintiff was permitted to proceed on his claims for equitable relief.  After consideration of defendant's motion, however, the claims against the Missouri Department of Corrections will be recommended dismissed.

The Missouri Department of Corrections, as an entity of the State of Missouri, is not a person within the meaning of the Civil Rights Act, 42 U.S.C. § 1983.  See Harris v. Missouri Court of Appeals, Western Dist., 787 F.2d 427, 429 (8th Cir. 1986).  The Department also has Eleventh Amendment immunity and is not subject to an action for damages or equitable relief.  Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984).  In Will v.

2

Case 2:08-cv-04012-SOW   Document 34   Filed 01/21/09   Page 2 of 3

Michigan Dep't of State Police, 491 U.S. 58, 71 (1989), the Court noted that exceptions to the general rule are made when a state official is sued in his official capacity for injunctive relief.

> Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State itself." Kentucky v. Graham, 473 U.S. [159] at 167 n.14, 105 S. Ct. at 3106, n.14 [1985]; Ex parte Young, 209 U.S. 123, 159-60, 28 S. Ct. 441, 453-454, 52 L. Ed. 714 (1908).

Id. at n.10.

Here, however, a state agency, rather than a state official, has been sued and dismissal is appropriate. See Treleven v. University of Minnesota, 73 F.3d 816, 818-19 (8th Cir. 1996).

Accordingly, it is

RECOMMENDED that defendant Sethi's motion of November 20, 2008, to dismiss for plaintiff's failure to exhaust administrative remedies be granted. [30] It is further

RECOMMENDED that the remaining claims against the Missouri Department of Corrections be dismissed. [32]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 21st day of January, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3